## Bela Schwarz, by next friend, Defendant in Error, v. Boston Store of Chicago, Plaintiff in Error.

### Gen. No. 15,621.

MASTER AND SERVANT—*what not assumed risk.* If an inexperienced servant is injured in obeying an order given him by one in authority over him the doctrine of assumed risk will not bar a recovery unless such servant was contributorily negligent.

SMITH, P. J. dissenting.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed June 16, 1911.

WINSTON, PAYNE, STRAWN & SHAW, for plaintiff in error; RALPH M. SHAW and EDWARD W. EVERETT, of counsel.

D'ANCONA & PFLAUM, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

The defendant in error suffered an injury to his left hand

while working at a meat chopping machine. He was upwards of nineteen years of age, and had been living in this country but a short time, his home previously having been in Hungary. A few days prior to the time of the accident he went into the employ of the plaintiff in error, as a wrapper boy in the meat department, at a salary of $7 per week. During the one week he worked prior to the accident he had been employed in wrapping meat, and also cleaning the tables and ice box. He had never before worked at the meat chopping machine.

There is conflict in the testimony as to who was his immediate superior. He was hired by a Mr. Sullivan, who, he says, never gave him any instructions but told him that his duties would be to wrap meat. A butcher, called Herman, is stated by a floorman, who was a witness for the plaintiff in error, to have had charge of the defendant in error, and there is other testimony to the same effect.

Defendant in error testified that Herman brought in a box of meat in a wooden case and told him to put the meat in the machine and when ready to call him; that after he had put the meat in the machine and it had gone through the first time, which took about an hour, he called Herman and asked what he should do next, and Herman ordered him to put it through a second time, as it was not chopped fine enough; that he was not given a stick or appliance of any kind with which to push the meat into the funnel; that he pushed it in or down with his fingers, as he had seen others do; that he had not been instructed by anyone. The funnel into which he put the meat was about one foot and a half below his eyes. While pressing the meat with his hands, his left hand in some way was caught, either by the worms of the machine or the knives. He was unable to extricate it, but succeeded in stopping the machine by turning off the electric power by which the machine was operated. The evidence showed that when the meat was placed in the funnel the first time, the meat being in large chunks, the machine fed itself, but when the meat was put in the second time it had to be pressed down. The result of the accident was the loss of the first, second and

third fingers of the hand; which were amputated after the accident. The wheels, blades and moving parts of the meat chopping machine were enclosed in an iron case and were concealed from view, with the exception of a portion of the worms or knives, which could be seen through the funnel, the funnel being at one end of the machine, into which the meat to be chopped was placed.

The trial resulted in a verdict for $500 for the defendant in error, upon which judgment was rendered.

We are asked to reverse this judgment on the ground that the trial judge should have directed a verdict for the defendant. The record discloses that the jury was fully instructed orally by the court, who included in his charge sixteen instructions tendered by the plaintiff in error. No complaint is made of the admission or rejection of testimony, or of the action of the court in charging the jury, except the failure to instruct them to find a verdict, as heretofore stated.

It is urged upon us that the plaintiff in error assumed the risk; that because the uncontroverted testimony is that one by looking into the funnel could see the worms revolving, he must know, however inexperienced he might be, that if his hand came in contact with the worms he would be injured.

In the statement of claim it is charged that the plaintiff in error negligently ordered the defendant in error to operate the meat chopping machine; that at that time he was nineteen years of age and was unfamiliar with the operation and use of the machine; that he had not prior to that time used or operated the machine, and that the plaintiff in error negligently failed to explain its operation and use; that it was dangerous, unsafe and unguarded, which fact plaintiff in error knew, or ought to have known, and defendant in error did not know; that defendant in error was in the exercise of reasonable care for his own safety, and was operating and using the machine in obedience to orders. It further charged that the plaintiff in error negligently permitted the machine to remain in an unsafe, dangerous and unguarded condition.

We think, from the record, that this case comes within the class of cases to which the doctrine of assumed risk does

not apply—unless it is assumed that "Herman," so-called, was not the superior of the defendant in error and had no authority to give him the order which he did give. This question of fact as to Herman's authority was properly submitted to the jury under full instructions. In order, therefore, that a reversal be had in the case, this court must find that the defendant in error was guilt of contributory negligence. In the case of Springfield Boiler Co. v. Parks, 222 Ill. 355, it is stated:

"Negligence and contributory negligence are questions of fact, and unless the facts are uncontroverted and all reasonable minds would readily agree as to the conclusion to be drawn from the admitted facts, those questions are questions to be submitted to the jury as questions of fact, and not to be decided as questions of law by the court. In view of all the facts proven in this case we think the question whether the appellee was guilty of such contributory negligence as should defeat his right to recover was properly submitted to the jury as a question of fact."

It is of course our duty to examine the record and ascertain whether the verdict is against the clear weight of the evidence. We have performed that duty, and are unable to say that it is so. The jury and judge in the court below saw the defendant in error, and were better able to judge of his capacity and intelligence. It is true he was upwards of nineteen years of age and had had some experience as a stenographer in an office in which he was employed in Hungary. He testified that he left school when about fourteen years of age. He was employed to wrap meats, and not to handle machinery. Whether or not the plaintiff in error was guilty of negligence in directing him to do the new work he was called upon to perform, without giving him any instructions, and in allowing him to do the work with the little experience that he had gained by seeing other young men operate the machine during the few days he was employed prior to the accident, and whether or not the danger of doing what he did do was so obvious and apparent that a young

492    APPELLATE COURTS OF ILLINOIS.

Page Woven Wire Fence Co. v. Illinois S. & R. Co., 162 Ill. App. 492.

man of his age and experience ought to have been able to protect himself against it, were, in our opinion, questions which ought properly to be submitted to the jury. We are unable to say that all reasonable minds would readily agree as to the conclusions to be drawn from the admitted facts.

In ordering a servant to perform work with which he is not familiar, it is the foreman's duty to take reasonable precautions for the safety of the servant; and whether the risk attendant upon obedience to the foreman's command was so great that an ordinarily prudent person, under the facts shown by the evidence, would have disobeyed the order, is a question of fact for the jury. The Cobb Chocolate Co. v. Knudson, 207 Ill. 452.

*Affirmed.*

MR. PRESIDING JUSTICE SMITH dissents.